# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **3rd** *day of* **February, 2009**.

In Re: Anne Marston Lynch, Esquire.

Record No. 0051-09-1

Before Judges Humphreys, Kelsey and Senior Judge Willis

On January 13, 2009, Anne Marston Lynch, Esquire ("Lynch") appeared in this Court pursuant to an order to show cause why she should not be held in contempt of Court. For the following reasons, we find her in contempt of Court and sanction her accordingly.

Lynch is an attorney who has practiced law in the Commonwealth for more than eight years and who currently practices with the firm of Pretlow & Pretlow, P.C., in the City of Suffolk. On March 14, 2008, Lynch timely filed a petition for appeal in a criminal case as the attorney for William Calvin Johnson. In that petition, Lynch asked for leave to withdraw as counsel, pursuant to Anders v. California, 386 U.S. 738 (1967), because she believed that Johnson's appeal was without merit.

On March 18, 2008, we issued an order ("the March order") denying Lynch's motion to withdraw as counsel. The order explained that the petition for appeal failed to satisfy Anders' requirement that the appointed counsel conduct "a diligent and thorough search of the record for any arguable claim that might support the client's appeal." McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429 (1988). The order directed Lynch to file an amended petition for appeal within fifteen days.

Lynch failed to comply with the March order. On April 11, 2008, we issued another order ("the April order"), which noted that Lynch had failed to respond to the first order and ordered her to file an amended petition pursuant to the March order.

Lynch did not respond to the April order. On August 13, 2008, we entered an order ("the August order") removing Lynch as Johnson's attorney. The August order also directed Lynch to show cause

why she should not be held in contempt of Court for her disobedience of our prior orders by filing a written response with the clerk of our Court within fifteen days.

By October 30, 2008, Lynch had not responded to any of our orders. On that day, the Chief Deputy Clerk of our Court telephoned Lynch to investigate her failure to comply with our orders. Lynch told the Chief Deputy Clerk that she would prepare a response immediately. Later that same day, Lynch faxed her written response to the August order. In her response, she apologized for her failure to respond to the March and August orders and admitted that her failure to respond to our previous orders was "simply due to negligence." She claimed that she did not recall receiving the April order, but admitted, "it most certainly could be misplaced or misfiled."

After receiving Lynch's response, we issued an order requiring her to appear in person at our courtroom in Richmond on January 7, 2009, to show cause why she should not be held in contempt. Lynch failed to appear on that day.

The next day, the Chief Judge of this Court issued a third show-cause order. That order required Lynch to appear in person in our courtroom in Chesapeake on January 13, 2009. The order required her to explain:

1)   Her failure to comply with this Court's order of March 18, 2008, directing her to file within 15 days an amended petition for appeal in the case of William Calvin Johnson v. Commonwealth of Virginia, Record No. 2829-07-1;

2)   Her failure to comply with this Court's order of April 11, 2008, again ordering her to file within 15 days an amended petition for appeal, together with a written statement explaining her failure to comply with the Court's March 18, 2008 order;

3)   Her failure to comply with this Court's order of August 13, 2008, directing her to show cause within 15 days why she should not be held in contempt of Court for failure to comply with the Court's March 18, 2008 and April 11, 2008 orders; and

4)   Her failure to appear before this Court on Wednesday, January 7, 2009, after having been noticed, to show cause why she should not be held in contempt and punished accordingly for her failure to

-2-

comply with the Court's orders of March 18, 2008, April 11, 2008 and August 13, 2008.

In re:  Anne Marston Lynch, Esquire, No. 0051-09-1 (Va. Ct. App. January 8, 2009).  The Virginia State Police personally served Lynch with this order.

On January 13, 2009, Lynch appeared before a three-judge panel of our Court in Chesapeake. Lynch apologized for her "lack of professionalism."  She offered no explanation for her actions other than that her caseload was too heavy and that she failed to pay "proper attention" to our orders.

In light of the foregoing, we find that Lynch is in contempt of this Court.  As punishment for her contemptuous disregard of the orders of this Court, Lynch shall pay a fine in the amount of $1,000.00 and is disbarred indefinitely from practice before this Court.  See In re Moseley, 273 Va. 688, 643 S.E.2d 190 (2007).  Three years from the date of this order, Lynch may petition for reinstatement to practice in the Court of Appeals of Virginia, provided that she presents evidence satisfactory to this Court that she has completed continuing legal education courses in the areas of professionalism, appellate practice and time management, sufficient, in the judgment of this Court, to address the problems identified herein.

This order shall be published.

A Copy,

Teste:

*original order signed by the Clerk of the Court of Appeals of Virginia at the direction of the Court*

Clerk

-3-